

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2002

# USA v. Walter

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3576

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Walter" (2002). *2002 Decisions.* Paper 578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-3576


UNITED STATES OF AMERICA

v.

SEAN WALTERS
a/k/a LLOYD PATRICK HOWELL

Sean Walters,
                        Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 98-cr-00532-1)
District Judge:  Hon. Louis H. Pollak


Submitted Under Third Circuit LAR 34.1(a)
September 9, 2002

Before:  SLOVITER, RENDELL, and FUENTES Circuit Judges

(Filed: September 17, 2002)


OPINION OF THE COURT SLOVITER, Circuit Judge.

Sean Walters, a Jamaican citizen, was deported from the United States in 1997 following a criminal conviction in New York.  On August 31, 1998, Walters attempted to reenter the United States at the Philadelphia International Airport under a different name. He later admitted his true identity and that he had been deported.  Walters was charged with unlawful reentry after deportation by an aggravated felon in violation of 8 U.S.C. 1326.  On November 20, 1998, he pled guilty to the charge.

Walters filed a motion for a downward departure from the range imposed by the Sentencing Guidelines.  At the sentencing hearing, his attorney argued that several factors warranted a downward departure, including the likelihood that Walters' family would relocate to Jamaica upon his release from prison, the difficulties that Walters' wife would have while Walters was in prison and the fact that Walters' sadness after his father's death caused him to try to reenter the United States.  Counsel also stated that Walters had requested that he ask the sentencing court to consider the fact that as an illegal alien, he will not get the benefits that other prisoners receive, such as a transfer to a halfway house. Counsel further stated, however, that he understood that most courts of appeals have ruled that a person cannot benefit from his alien status in connection with an illegal reentry.

The sentencing court found that none of the factors raised by counsel singly, or in the aggregate, rose to the level of such extraordinariness as to warrant a downward departure.  It denied Walters' motion and imposed a sentence of forty-six months imprisonment and two years of supervised release.

Walters then filed a Motion to Vacate and/or Correct Sentence.  In the motion, counsel stated that he misspoke at the sentencing hearing as to whether Walters' status as a deportable alien provided a basis for departure from the Sentencing Guidelines.

Counsel believed that he had represented that this court had ruled that a departure on this basis was prohibited when in fact, this court has not ruled on the issue. Counsel asked the District Court to vacate Walters' sentence if it would have been inclined to depart downward based upon the likely increased severity in the implementation of Walters' sentence that results from his status as a deportable alien.

The District Court denied Walters' motion. It stated that it is not convinced that Walters' status as a deportable alien warrants a downward departure in his sentence. Walters appealed the denial of the motion. This court stayed the appeal pending a determination by the District Court as to whether a certificate of appealability should issue under 28 U.S.C. 2253(c)(2). On remand, the District Court granted a certificate of appealability on the issue of whether Walters' status as a deportable alien authorizes the sentencing court to grant a downward departure in his sentence.

The Government argues that this court lacks jurisdiction over this appeal because, among other things, the District Court improvidently granted a certificate of appealability under United States v. Cepero, 224 F.3d 256 (3d Cir. 2000) (en banc). In Cepero, the district court issued a certificate of appealability where the petitioner alleged that the sentencing court erred in enhancing his sentence under the Sentencing Guidelines. We held that a certificate of appealability in a case brought under 28 U.S.C. 2253(c)(2) may issue, in the literal language of the statute, "only if the applicant has made a substantial showing of the denial of a constitutional right." 224 F.3d at 267. Because the allegation that the sentencing court misapplied the Sentencing Guidelines did not present a constitutional issue, we granted the government's motion to dismiss the appeal for lack of subject-matter jurisdiction.

The present case differs somewhat from Cepero in that the issue raised does not concern a misapplication of the guidelines but a legal issue regarding a court's authority to grant a downward departure. Nonetheless, the issue is not one of constitutional dimensions. As we stated in Cepero, 2255 motions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. 224 F.3d at 267. Accordingly, we will dismiss this appeal for lack of jurisdiction.

_____

TO THE CLERK:

                        Please file the foregoing opinion.
                        /s/Dolores K. Sloviter
                        Circuit Judg